# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

Q1, LLC,

      Plaintiff,

v.                                                                    Case No:   6:22-cv-1212-RBD-LHP

MPR ASSEMBLY AND LOGISTIC
SERVICES, LLC and DSV ROAD,
INC.,

      Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** Q1, LLC d/b/a QUALITY ONE WIRELESS, and as successor to QUALITY ONE WIRELESS, LLC's MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES (Doc. No. 89)
>
> **FILED:** February 22, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

In short, the facts and history of this case are as follows:

> In this Carmack Amendment case, Plaintiff Q1 contacted [Defendant DSV Road, Inc. ("DSV")], a logistics broker, to arrange a shipment of cell phones from Florida to Indiana. DSV then contracted with Defendant MPR Assembly and Logistic Services, LLC ("MPR"), a trucking company, to transport the phones. DSV's and MPR's very young business relationship was governed by a Broker-Carrier Agreement ("BCA") . . . .
>
> The cell phones went missing in transit and so Q1 sued both Defendants: MPR for strict liability under the Carmack Amendment, and DSV for breach of contract. (Doc. 40, ¶¶ 31–45.) DSV then answered and filed a crossclaim against MPR for contractual indemnity under the BCA. (*See* Doc. 46.) Two summary judgment motions were filed: (1) DSV against Q1 (Doc. 53); and (2) Q1 against MPR (Doc. 55). The Court granted both motions—MPR was strictly liable to Q1 under Carmack, and Q1's claim against DSV was time-barred. (Doc. 86.).

*See* Doc. No. 106, at 1–2. Both Q1 and MPR have appealed the Court's summary judgment Order, Doc. Nos. 93–94, and DSV's crossclaim against MPR remains pending, Doc. No. 106.

Prior to the filing of the notices of appeal, Q1 filed the above-styled motion seeking entitlement to attorney's fees against MPR based on the provisions of the BCA, which motion has been referred to the undersigned. Doc. No. 89. MPR has responded in opposition. Doc. No. 91. Upon consideration, however, because determination of MPR's appeal may affect consideration of the issue of attorney's fees, the undersigned finds it appropriate to await the outcome of the appeals before

resolving the above-styled motion. *See Morrison v. Amway Corp.*, No. 6:01-cv-0749-Orl-22JGG, 2003 WL 25570793, at *1 (M.D. Fla. Nov. 10, 2003) ("[T]he Court has discretion to deny a motion for attorney's fees without prejudice to refile after the appeal has concluded."); *see also, e.g.*, *E-Z Dock, Inc. v. Snap Dock, LLC,* No. 2:21-cv-450-SPC-NPM, 2022 WL 19914347, at *2 (M.D. Fla. Oct. 24, 2022) (exercising discretion to defer resolution of attorney's fees until after resolution of appeal); *Action Nissan, Inc. v. Hyundai Motor Am. & Genesis Motor Am.*, No. 6:18-cv-380-WWB-EJK, 2022 WL 17409415, at *1 (M.D. Fla. Feb. 7, 2022) (same); *Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-cv-764-T-36JSS, 2020 WL 6729719, at *2 (M.D. Fla. Oct. 29, 2020), *report and recommendation adopted*, 2020 WL 6728846 (M.D. Fla. Nov. 16, 2020) (same); *Truesdell v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *3 (M.D. Fla. Dec. 5, 2016) (same).

Accordingly, Q1's Motion for Entitlement to Attorney's Fees (Doc. No. 89) is **DENIED without prejudice** to filing a renewed motion, if appropriate, within twenty-one days after issuance of the mandate by the Eleventh Circuit.

**DONE** and **ORDERED** in Orlando, Florida on May 16, 2024.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

- 4 -

Counsel of Record
Unrepresented Parties